```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
JAMES DAWSON,                 :
                              :
          Plaintiff,          :    Civ. No. 22-2942 (NLH)(AMD)
                              :
     v.                       :    OPINION
                              :
                              :
                              :
CUMB. COUNTY JAIL, et al,     :
                              :
          Defendants.         :
_____:
```

APPEARANCES:

Surinder K. Aggarwal, Esq.
Stone Conroy LLC
25a Hanover Road
Suite 301
Florham Park, NJ 07932

   *Counsel for Plaintiff*

James R. Birchmeier, Esq.
Birchmeier & Powell LLC
1891 State Highway 50
PO Box 582
Tuckahoe, NJ 08221

   *Counsel for Defendants Cumberland County Jail and Eugene Caldwell, II*

HILLMAN, District Judge

The Court issued an Order to Show Cause on September 29, 2023 directing Plaintiff James Dawson to state why the complaint should not be dismissed for failure to prosecute. ECF No. 20. Counsel responded on October 4, 2023. ECF No. 21. After considering the history of the case and Counsel's response to

the Order to Show Cause, the Court will dismiss the complaint for lack of prosecution.

I.   BACKGROUND

Plaintiff filed this civil action alleging prison and county officials at the Cumberland County Jail ("Cumberland Jail" or "Jail") created unconstitutional conditions of confinement when they failed to respond to the COVID-19 pandemic that began in early 2020.  The Court permitted the complaint to proceed on January 4, 2023 and appointed counsel to represent Plaintiff.  ECF No. 13.  Counsel entered an appearance on June 15, 2023.  ECF No. 17.[1]

On June 21, 2023, Counsel wrote to the Court asking for an extension of time to submit an amended complaint as directed by the Court.  ECF No. 18.  Counsel represented that his "attempts to contact Plaintiff at the last telephone number he provided to the Court have been unsuccessful" and that "mail sent to Plaintiff's last known address by the Court has been returned to the Court as undeliverable."  Id.  See also ECF No. 16.  On June 27, 2023, the Court stayed the requirement to file an amended complaint pending further order and directed Counsel to inform

---

[1] The Court acknowledges and appreciates the advocacy of Surinder K. Aggarwal, Esq., of Stone Conroy LLC, who accepted appointment as pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) and this Court's Plan for Appointment of Attorneys in Pro Se Civil Actions, see App. H of the Local Civil Rules of the District of New Jersey.

2

the Court within 7 days of contacting Plaintiff.  ECF No. 19.

"The Court reserves the right to issue appropriate Orders in the event Plaintiff is not located."  Id.

On September 29, 2023, the Court issued an Order to Show Cause based on Plaintiff's failure to contact the Court for more than 90 days.  ECF No. 20 (citing L.Civ.R. 41.1(a)).  Counsel responded to the Court, stating that Plaintiff has been incarcerated at SCI-Fayette, Pennsylvania since September 2022.[2]  ECF No. 21.  Counsel represented that he had written to Plaintiff asking to be placed on Plaintiff's approved telephone list in order to discuss the case with him.  Id.  "I have also spoken to Plaintiff's girlfriend and asked that she communicate my request to him.  To date, Plaintiff and I have not spoken."  Id.  Counsel requested either a telephone conference with the Court or an administrative termination of the case "without prejudice to the right of Plaintiff to reopen this matter by way of letter application upon his custodial release from the Pennsylvania Department of Corrections."  Id. at 1-2.

II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal is appropriate "[f]or failure of the

---

[2] The Court received a letter from Plaintiff in December 2022 asking the Court to send mail to his fiancée's address in Monroeville, New Jersey because he was homeless.  ECF No. 12.

3

plaintiff to prosecute or to comply with these rules or any order of the court[.]" A district court should consider six factors when determining whether to dismiss a case under Rule 41(b). Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The relevant factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (emphasis omitted). "None of the Poulis factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019).

III. DISCUSSION

A.  The Extent of the Party's Personal Responsibility

The Court concludes Plaintiff, not Counsel, bears primary responsibility for failing to move this case forward. See id. at 133 (noting courts should "distinguish[] between a party's responsibility for delay and counsel's responsibility"). The Court appointed Counsel to represent Plaintiff in this case pursuant to 28 U.S.C. § 1915(e)(1) and the factors enumerated in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). ECF No. 13.

4

Counsel has been diligent in communicating with the Court, whereas Plaintiff has failed to keep this Court informed of his current address and seemingly ignored Counsel's attempts to contact him.  Accordingly, the Court concludes this factor weighs strongly in favor of dismissal.

B.   The Prejudice to the Adversary

The second Poulis factor requires the Court to consider the prejudice to the adversary.  This factor weighs against dismissal.  "[P]rejudice is not limited to 'irremediable' or 'irreparable' harm.  It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'"  Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)).

The Court concludes Defendants' ability to prepare a defense will not be significantly impacted, at least at the current point in time.[3]  This case is in the very early stages.  Additionally, Plaintiff's case is one of many filed against the Jail about the Jail's response, or lack thereof, to the COVID-19 pandemic.  Defendants have been on notice for quite some time that current and former detainees may have claims stemming from

---

[3] As the Court notes infra, this factor would change to favor dismissal if the Court administratively terminated the complaint pending Plaintiff's release from custody.

5

their time in the Jail, but they would retain the ability to seek appropriate evidentiary rulings if a delay impacted their ability to defend against Plaintiff's specific allegations.

C.  History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."  Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 875 (3d Cir. 1994).  The Court finds this factor to weigh in favor of dismissal.

The Court administratively terminated the complaint in September 2022 because Plaintiff did not keep the Court informed of his current address.  ECF No. 10 (citing L.Civ.R. 10.1(a)).  It reopened the case when Plaintiff updated his address in December 2022.  ECF No. 12.  Plaintiff has not kept the Court informed of his current address since that time.  See ECF No. 16.  Plaintiff's repeated failure to keep a current address on file with the Court and his continual refusal to communicate with Counsel supports dismissal.

D.  Willfulness or Bad Faith

"Willfulness involves intentional or self-serving behavior."  Adams, 29 F.3d at 875.  Conduct that is "merely negligent or inadvertent" is not "contumacious," Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008), and the "absence of a

6

good faith effort to prosecute . . . does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it." Adams, 29 F.3d at 876. Here, the Court concludes that although Plaintiff's failure to communicate with the Court and Counsel are intentional actions, they are insufficient to meet the Poulis standard of willfulness. The Court weighs this factor in slightly Plaintiff's favor.

E.   Effectiveness of Other Sanctions

As dismissal with prejudice is an extreme sanction, the fifth Poulis factor requires the Court to consider the effectiveness of alternative sanctions. Plaintiff is proceeding pro se and in forma pauperis, therefore monetary sanctions would not be an effective alternative. See Briscoe, 538 F.3d at 262 (citing Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002)). Evidentiary sanctions are available if Plaintiff's delay can be shown to have actually impeded Defendants' ability to defend themselves, but those sanctions are pointless if Plaintiff refuses to assist Counsel in preparing his case.

Counsel asks that the Court administratively terminate the case "without prejudice to the right of Plaintiff to reopen this matter by way of letter application upon his custodial release from the Pennsylvania Department of Corrections." ECF No. 21 at 1-2. According to Counsel, no release date has been set by the

7

Pennsylvania Parole Board, and Plaintiff's max-release date is in September 2024.  Id. at 1.

"Retention of jurisdiction through the administrative closing of a case is an established practice in district courts within our Circuit."  Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (3d Cir. 2013).  However, there is no basis for administrative termination as Counsel suggests.  Rule 41.1 makes clear that the sanction for failure to prosecute is dismissal.[4]  Administratively terminating the case pending Plaintiff's release, whenever that may be, would put Defendants in limbo for an indefinite period of time.  This would lead to prejudicial effects that are not currently present such as the fading of witnesses' memories.  Moreover, there is no guarantee Plaintiff would ever seek to reopen the matter given his history of ignoring his responsibilities.  The Court concludes administrative termination would not be effective or in the interests of justice.

F.   Meritoriousness of the Claims

Finally, the Court considers the meritoriousness of the Plaintiff's claims.  "Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule

---

[4] Additionally, Rule 41.1(a) requires a showing of good cause via an affidavit or other document complying with 28 U.S.C. § 1746.  Counsel's letters do not satisfy either requirement.

8

12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263.

This Court screened the complaint under 28 U.S.C. § 1915 and permitted it to proceed.  ECF No. 13.  Plaintiff's claims that the Jail endangered his health and safety during the COVID-19 pandemic are serious allegations and should be heard on the merits.  This factor weighs against dismissal.

G.  Balancing

The Court considers three of the Poulis factors to weigh in favor of dismissal and three factors to weigh against dismissal. The number of factors is not dispositive of the outcome as "there is no 'magic formula' or 'mechanical calculation'" of the factors, Hildebrand, 923 F.3d at 137, but the Court concludes the factors in favor of dismissal ultimately outweigh the factors against dismissal.

The Court concludes the strong preference for claims to be decided on their merits is balanced out by Plaintiff's responsibility in failing to move this case forward.  The minimal prejudice to Defendants and the absence of a showing of bad faith support the complaint remaining active, but the Court concludes Plaintiff's history of failing to communicate with the Court and Counsel combined with the lack of available alternative sanctions outweigh those considerations.

9

Indigent litigants have no statutory right to appointed counsel, and the courts have no authority to compel counsel to represent an indigent civil litigant.  Tabron, 6 F.3d at 156-57.  The Court carefully reviews each case to determine whether appointing counsel is in the interests of justice and greatly appreciates those members of the bar who accept appointments.  Here, Plaintiff has squandered that benefit by ignoring Counsel's efforts to contact him.  The Court has no confidence that Plaintiff will communicate with the Court and Defendants or comply with other Court orders if he repeatedly fails to communicate with an attorney appointed to represent him.

IV. CONCLUSION

For the reasons set forth above, the Court will dismiss the complaint for lack of prosecution.  An appropriate Order follows.


Dated: October 6, 2023              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.